PAINTER, Judge.
hThe Defendant, Dr. Robert Dale Ber-nauer, appeals the trial court’s judgment granting summary judgment in favor of his co-defendants, Acadian Ambulance Services, Inc. and Acadian Ambulance and Air Med Services, Inc. (“Acadian Ambulance” collectively), and Women’s & Children’s Hospital, L.L.C. (“Women’s”). We reverse the trial court.
FACTS AND PROCEDURAL HISTORY
Gaye Cryar fell in her home and injured her left hip on March 14, 2000. She went *503 to DeRidder Memorial Hospital in DeRid-der, Louisiana. She was transferred to Women’s in Lake Charles, Louisiana, where Dr. Bernauer performed a placement of the femoral head of the left hip on March 16, 2000. It is alleged that Mrs. Cryar’s condition did not improve in spite of inpatient and outpatient rehabilitation efforts. On July 25, 2000, Dr. Bernauer performed a total left arthroplasty. Acadi-an Ambulance transferred her from Women’s to a rehabilitation center where it was discovered that Mrs. Cryar was suffering from an acute fracture of the acetabulum and that the hip prosthesis placed by Dr. Bernauer was dislocated. On August 3, 2000, Mrs. Cryar was transferred to Methodist Hospital in Houston, Texas, allegedly because of continuing problems with the left hip. At Methodist Hospital, Dr. Michael Huo performed an exploration of Mrs. Cryar’s left hip and found a number of problems including a dislocation of the arthroplasty. Mrs. Cryar underwent seven additional surgical procedures to correct her problems. She died on May 3, 2003.
The matter was submitted to a medical review panel. The panel delivered its opinion on June 9, 2003, unanimously finding, in pertinent part, as follows:
There is a material issue of fact in this matter, not requiring expert opinion, bearing on liability for consideration by the court as it concerns | ¿the Defendant health care providers, Dr. R. Dale Ber-nauer, Acadian Ambulance, Air-Med Service and Women’s & Children’s Hospital.
[[Image here]]
This patient had a fractured hip, and due to her pre-existing medical problems, any procedure to repair her hip could have been fraught with complications. The choice of procedures by Dr. Bernauer was within the standard of care, however, the patient did suffer a central acetabular fracture with dislocation, post-operatively. Due to the lack of material evidence in this ease, specifically the pre-operative and post-operative x-rays that apparently have been inadvertently destroyed, as well as the inadequate documentation, the reason for the development of the complication is impossible for us to determine, and therefore it is also impossible for us to determine if any deviations from the standard of care occurred.
On July 14, 2003, Mrs. Cryar’s husband, James Cryar, brought this action asking for damages against Dr. Bernauer, Acadi-an Ambulance and Women’s. Mr. Cryar alleged in his petition that Dr. Bernauer breached the standard of care in his conduct with regard to the surgeries, that Acadian Ambulance dropped Mrs. Cryar while transferring her from bed to gurney at Women’s, and that Women’s breached the standard of care in failing to adequately supervise the transfer from bed to gurney. He further alleges that these failures led to Mrs. Cryar’s death.
Dr. Bernauer, Acadian Ambulance, and Women’s filed a joint motion for summary judgment supported by the report of the medical review panel. In opposition to the motion, Mr. Cryar submitted the affidavit of Dr. David Krant, an orthopedic surgeon, who opined that Dr. Bernauer deviated from the standard of care. The Plaintiff opposed only Dr. Bernauer’s motion. Dr. Bernauer, however, opposed th’e motion for summary judgment with regard to Acadian Ambulance and Women’s in order to maintain a possible defense of comparative fault. In his opposition, Dr. Bernauer asserted that material issues of fact remained as to where, when, and how Mrs. Cryar sustained the fractures which led to the additional surgeries and treatment. | sWomen’s responded by asserting that Dr. *504 Bernauer failed to produce any evidence to show that it caused the subsequent fracture and that, as a result, no genuine issue of material fact existed as to them.
After a hearing, the trial court granted summary judgment in favor of Women’s and Acadian Ambulance and denied Dr. Bernauer’s motion. After an additional hearing, the trial court concluded that there was no reason to delay an appeal of the judgment and, the court designated the judgment as final and appealable. Dr. Bernauer appeals asserting that a genuine issue of fact remains as to the existence of fault on the part of Acadian Ambulance and Women’s.
DISCUSSION
It is well settled that appellate courts consider summary judgments rife novo using the same criteria as the trial court and giving no deference to the trial court’s determinations. Smith v. Our Lady of the Lake Hosp., Inc., 93-2512 (La.7/5/94), 639 So.2d 730.
The moving party is entitled to summary judgment where “the pleadings, depositions, answers to interrogatories and admissions on file, together with supporting affidavits, if any, show there is no genuine issue of material fact and the mover is entitled to judgment as a matter of law.” La.Code Civ.P. art. 966(B). Additionally, thereafter, “if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.” La.Code Civ.P. art. 966(C)(2).
The Defendant’s joint motion for summary judgment was supported by affidavits from the doctors who served on the medical review panel and the opinion of the panel. Mr. Cryar supported his opposition to Dr. Bernauer’s motion with the ^affidavit of Dr. Krant, in which he opined that Dr. Bernauer breached the standard of care in several respects, including: failing to note and prepare for abnormality of the acetabular bone possibly related to steroid caused osteoporosis, not recognizing instability of the acetabulum, not matching the femoral stem size to the femoral canal size closely, not testing the stability of the femoral component at the time of the revision, and failing to take a culture prior to the second procedure to determine if an infection was present.
In opposition to the motion for summary judgment, Dr. Bernauer filed his own affidavit in which he outlined his care of Mrs. Cryar, noted that prior to the discharge on July 28, 2000, she was being assisted out of and back into bed and undergoing some physical therapy as well as using a bedside commode without substantial difficulty, and averred that the fracture did not exist at the time Mrs. Cryar left his care. Attached as an exhibit to his affidavit is the radiological report which relates no fracture of the acetabulum. He further noted, and attached as an exhibit, a progress note from the rehabilitation facility’s record which memorializes a complaint by Mrs. Cryar that she had been roughly transferred from bed to stretcher, that she landed on her left hip, and that, from that time, she had complaints of increased pain and the feeling that “bones are moving around inside” with attempted weight bearing. Women’s responded to Dr. Ber-nauer’s opposition by filing a memorandum supported by the affidavit of Carolyn Sylvester, who was the floor nurse assigned to Mrs. Cryar at Women’s on the date she was transferred to the rehabilitation facility. Ms. Sylvester stated that she was “not aware of an alleged incident occurring during the transfer from the hospital bed to the stretcher.”
The Louisiana Supreme court recently set out guidelines for determining *505 the existence of a genuine issue of material fact.
|,,jln determining whether an issue is genuine, a court should not consider the merits, make credibility determinations, evaluate testimony or weigh evidence. A fact is “material” if it is one that would matter at trial on the merits. Any doubt as to a dispute regarding a material issue of fact must be resolved against granting the motion and in favor of trial on the merits.
Swire v. Lafayette City-Parish Consol. Govt., 04-1459, p. 11 (La.4/12/05), 907 So.2d 37, 48 (citations omitted).
Examining the evidence in support of Dr. Bernauer’s opposition in light of this directive, we note that, in spite of the fact that the actual x-ray is missing, the record contains the radiologist’s report of his analysis of the x-ray, which was made shortly after the x-ray was taken. The report contains no reference to the existence of a fracture, which is sufficient to raise a question as to whether one existed at that time. Taken in conjunction with the progress note from a facility not implicated in any of Mrs. Cryar’s problems which shows increasing complaints after the patient reported a rough transfer from bed to stretcher at Women’s, this evidence is sufficient to raise a material issue of fact as to how, when, and where the fracture occurred, as well as to the possible fault of Women’s and Acadian Ambulance. Accordingly, we find that the trial court erred in granting summary judgment in favor of Women’s and Acadian Ambulance.
CONCLUSION
The judgment of the trial court granting summary judgment in favor of Women’s and Acadian Ambulance is reversed, and the case is remanded for further proceedings. Costs of appeal are to be assessed equally to Women’s and Acadian Ambulance.
REVERSED AND REMANDED.
GREMILLION, J., dissents with written reasons.
DECUIR, J., dissents for reasons assigned by Judge GREMILLION.